JOEL W. LOW *vs.* ISAAC DUNHAM and schooner LUCY M. COLLINS.

*R. S., c. 91, § 19.   Judgment upon lien-claim—how enforced.   Construction of statute.   Liability of receiptors.*

Upon a judgment recovered for the amount decided to be a lien in any suit on which a vessel was attached, the order to the attaching officer to sell it at auction, etc., is one consequent upon the judgment and a necessary sequence thereof.   It follows the judgment as a matter of course, as the execution does.

The word "may" in a statute is to be construed "must" or "shall" where the public interests or rights are concerned and the public or third persons have a claim *de jure* that the power shall be exercised.

The receiptors for property attached agreed by the terms of their receipt to redeliver it on demand to the officer, at a place named; and that if no demand should be made, they would, within thirty days after judgment in the action, redeliver the property as aforesaid that it might be taken on execution.   *Held,* that they were liable on their receipt, though no demand was made, if they failed to redeliver the property at the place named, within thirty days after judgment.

ON REPORT.

The facts are stated in the opinion.

*T. W. Vose*, for the plaintiff.

*N. H. Hubbard*, for the defendants.

APPLETON, C. J.    This is an action on a receipt to the sheriff for property attached.

The plaintiff in the original suit having furnished materials for the schooner Lucy M. Collins, commenced process against her and the builders, Messrs. Dunham & Eveleth, to secure his lien for the same in accordance with the provisions of the Act of 1858, c. 15, § 21, since incorporated into R. S. c. 91.

Upon that process the schooner was attached and the receipt in suit given.

The writ was against the schooner, in the form prescribed by R. S., c. 91, § 8.

A trial was had and the jury found a verdict, in accordance with which the plaintiff was entitled to a portion of his claim against the builders personally, and the residue against them and the schooner, thus affirming the plaintiff's lien in part.

Two executions issued in accordance with the Act of 1858, c. 15, § 16, and with R. S., c. 91, § 17, and were seasonably placed in the hands of a deputy sheriff, who made a demand within thirty days upon the recciptors.

The execution against the schooner and the builders, as it was originally issued, contained no direction to sell the vessel nor any such order as is prescribed by the Act of 1858, c. 15, § 17, or by R. S., c. 91, § 19.   The omission of the order was made known to the clerk, who, thereupon, inserted before the last sentence of the execution, which orders a return of the writ within three months, these words: "And it is by the court ordered that the within-named vessel be sold and the proceeds of the sale be disposed of as provided by section seventeen of chapter fifteen of the public laws of the State of Maine passed in the year 1858."   The execution

with this addition was again placed in the hands of the deputy sheriff to whom it had been delivered in the first instance, but no second demand is shown to have been made.

As the execution against the schooner and builders, when first issued was against the goods, chattels, and land of Dunham & Eveleth, and ordered satisfaction from them only and not from the schooner, there was no authority to sell the vessel, had the receiptors surrendered the same. But the jury, by their verdict and upon evidence to which no exceptions were taken, have found all the facts entitling the plaintiff to an order of sale. His lien and its extent have been established. He has brought himself within all the requirements of the statute, and has a right to the aid of the law for the enforcement of his lien. The clerk in the first instance omitted to make out his execution in accordance with the legal right of the plaintiff. It was no fault of the plaintiff. The mistake was seasonably corrected. The clerk only did his duty in making the correction. *Lewis* v. *Ross*, 37 Maine, 231. The receiptors were not thereby discharged. *Farnham* v. *Gilman*, 24 Maine, 250.

The execution, after the original mistake was corrected, was placed in the hands of an officer before the expiration of thirty days from the rendition of judgment. The vessel, for which the defendants had given their receipt, was at sea. By the terms of the receipt, if no demand was made on them for the property attached, they agreed to redeliver the same, within thirty days from the rendition of judgment, so that the same might be taken on execution. This they did not and could not do and by the terms of their contract they are liable for not doing, though no demand may have been made upon them. *Wentworth* v. *Leonard*, 4·Cush. 414 ; *Hodskin* v. *Cox*, 7 Cush. 471.

The record shows a lien upon the vessel and a judgment against the vessel. It is urged that there is no special order of the court to the attaching officer to sell the vessel at auction as required by R. S., c. 91, § 19. The language of this section is " the court may issue an order to the attaching officer to sell," etc. But it

was not the intention of the legislature, that it should be left to the discretion of the court whether an order should issue or not. All persons having established a lien are equally entitled to its enforcement and to an order of court for such enforcement. A lien being established, the order could not legally be withheld. The word " may " in a statute is to be construed " must " or " shall," where the public interest or rights are concerned, and the public or third persons have a claim *de jure* that the power shall be exercised. *Blake* v. *Portsmouth & Concord R. R. Co.*, 39 N. H. 437; *Rogers* v. *Brown*, 42 N. H. 102; *Milford* v. *Orono*, 50 Maine, 529.

The order is one consequent upon the judgment and a necessary sequence thereof. It follows the judgment equally as the execution. *Judgment for the plaintiff.*

CUTTING, DICKERSON, DANFORTH, VIRGIN, and PETERS, JJ., concurred.